UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE ANGEL DELAPORTILLA,<br><br>Defendant. | Case No. 1:21-cr-00174-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Jose Angel Delaportilla's pro se *Motion to Reduce Term of Supervision by Application of "Earned Time Credits" Under the First Step Act.* Dkt. 92. Defendant filed this motion while represented by counsel, during the pendency of revocation proceedings. The motion will be denied without prejudice, as there is no constitutional right to hybrid representation. Alternatively, the Court will dismiss the motion without prejudice.

## DISCUSSION

In February 2022, Mr. Delaportilla pleaded guilty to unlawful possession of a firearm. The Court later sentenced him to 55 months of incarceration, followed by three years of supervised release. After he was released from prison, Mr. Delaportilla admitted to violating the terms of supervision and was sentenced to

MEMORANDUM DECISION AND ORDER - 1

four months' incarceration, followed by 32 months of supervised release. *See Feb. 6, 2025 Revocation Judgment,* Dkt. 72. Mr. Delaportilla has now served that four-month term of incarceration, but he is once again charged with violating the terms of supervision. As noted above, Mr. Delaportilla is represented by counsel, and the Court is scheduled to conduct a final revocation hearing on July 15, 2026.

During the pendency of the revocation proceedings, Mr. Delaportilla filed a motion asking the Court to reduce his term of supervised release by applying "earned time credits" under the First Step Act. *Motion,* Dkt. 92. Mr. Delaportilla acknowledges his upcoming revocation hearing and asks the Court to order the Bureau of Prisons (BOP) "to inform the Court as to the amount of accumulated 'earned time credits' the defendant has earned, so that this Court may reduce the term of supervised release imposed upon the defendant." *Id.* at 3.

Although the Court has discretion to consider pro se filings while a defendant is represented by counsel, there is no constitutional right to such hybrid representation. For that reason, the Court declines to consider Delaportilla's motion. *See United States v. Halbert*, 640 F. 2d 1000, 1009 (9th Cir. 1981) ("A criminal defendant does not have an absolute right to both self-representation and the assistance of counsel."). Accordingly, the motion will be denied without prejudice.

MEMORANDUM DECISION AND ORDER - 2

Alternatively, the Court will dismiss the motion without prejudice because BOP calculates and applies earned-time credits under the First Step Act. Any challenge to BOP's determination must be brought, if at all, in a petition filed in the appropriate district under 28 U.S.C. § 2241. *See generally Gonzalez v. Herrera*, 151 F.4th 1076, 1080-81 (9th Cir. 2025). Further, the Court declines Defendant's request to direct BOP to calculate or report earned-time credits to this Court in connection with the pending revocation proceedings. Mr. Delaportilla is free to pursue that information independently.

## ORDER

**IT IS ORDERED that** Defendant's pro se Motion to Reduce Term of Supervised Release (Dkt. 92) is **DENIED WITHOUT PREJUDICE.** **Alternatively**, the Motion is **DISMISSED WITHOUT PREJUDICE.**



DATED: May 11, 2026

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 3